**ACTION REALTY CO., Inc., Appellant,**

v.

**Glen HUTSON, Appellee.**

**No. 607.**

Court of Civil Appeals of Texas, Tyler.

March 9, 1972.

Law Office of Tom Dewitt, Jr., Tom Dewitt, Jr., Longview, for appellant.

Frank Supercinski, Longview, for appellee.

McKAY, Justice.

Appellant sued Appellee to recover a real estate broker's fee. Appellee signed a listing contract with appellant giving appellant exclusive agency and right for 45 days to sell a house and lot located at 1207 Velma Street, being Lot 8, Block 765 of

the City of Longview, Texas. Appellant placed a "For Sale" sign on the property, and it was advertised and displayed. Neither appellant nor any member of the Multiple Listing Service procured a buyer for the property during the 45-day period, but the owner of the property, John A. Petty, sold it during the 45-day period to Cecil J. Smith and wife. There was no contact between appellant and Petty or Smith and wife. Appellee Hutson owned no interest in the property. He was the builder of the house on the lot, and he apparently signed the listing agreement to facilitate a sale of the property. Before the title holder, Petty, sold the house and lot, appellee notified appellant through one of its officers that he did not own the property but whether appellant released appellee from the contract is disputed. Both parties filed motions for summary judgment, and the trial court granted appellee's motion, from which this appeal is taken.

Appellant contends that the trial court erred in granting summary judgment for appellee because (1) under the terms of the exclusive listing contract appellant was entitled to recover a commission equal to five (5%) percent of the selling price of the property if the property was sold during the life of the contract even though appellee had no title to the property, and regardless of who made or procured the sale, and (2) because there existed a disputed fact issue.

Appellee's affidavit sets out that he notified Jim Peters, who at that time was an officer and stockholder of appellant, that he, Hutson, was without authority to sell or to list for sale and was without title to the property, and that Peters "then notified other officers, (of appellant) above whom, was James Hunt and said officers agreed that the exclusive listing agreement set out in Plaintiff's Original Petition was *was* (sic) of no force and effect."

The affidavit of Jim Peters, who was an officer and stockholder of appellant at the time the listing contract was signed, states that "(s)oon after we obtained this listing, Glen Hutson informed me that John A. Petty was the true owner of the house described above and he (Hutson) had no authority to sell the same." When Peters contacted Harry Allen, Petty's son-in-law, he was informed that Petty had sold the house, and that Hutson had no authority to enter into the exclusive agency agreement. Peters' affidavit further states that he notified other officers of Action Realty, including James Hunt, and informed them that Hutson was not the owner of the property and had no authority to sell it and "(o)n those terms we let the listing contract expire with the understanding that no action would be taken."

The affidavit of James Hunt, President of Action Realty Company, denies that Jim Peters had any authority to release anyone from a listing agreement or contract, and "there was no understanding that Action Realty would not be paid or that the listing contract would expire without any action being taken * * * and he was never released from the terms of the contract, and there was no agreement by Action Realty to let same expire."

It is apparent from the affidavits in the record that there is a disputed fact issue as to whether appellant released appellee from the contract. In a summary judgment case where there is a genuine issue as to a material fact, we have no alternative but to reverse the case and remand it to the trial court for the determination of the fact question. Rule 166–A, Texas Rules of Civil Procedure.

Reversed and remanded.